**DENISON WEST 25th STREET IMPROVEMENT CO., Plaintiff-**

**Appellee, v. GREAT ATLANTIC & PACIFIC TEA CO.,**

**Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County

No. 20140. Decided March 18, 1946.

Persky & Loeb, Cleveland for plaintiff-appellee.

Kuth, Meyers & Bradley, Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

Plaintiff filed this action against defendant and alleged that defendant is the lessee of premises owned by plaintiff at a rental of $550.00 a month during the first two years of the lease and $500.00 per month during the remaining three years of the lease; that the monthly installments of rent of $550.00 each which fell due on August 1, 1943 and Sept. 1, 1943 are due and unpaid for which amount with interest the plaintiff asks judgment.

The defendant filed its answer and counter-claim in which it alleged that on Apr. 15, 1943 defendant entered into an agreement with plaintiff wherein plaintiff agreed to make certain repairs and remedy certain defects of construction of the leased premises and to complete the work by the 1st day of June 1943 and that plaintiff would pay defendant the sum of $5.00 per day as liquidated damages for each day delay thereafter; that the repairs and construction work was not completed by plaintiff until Sept. 4, 1943; that defendant should be allowed a credit of $5.00 per day liquidated damages from June 1, 1943 to Sept. 1, 1943, on the rent claimed to be due in plaintiff's petition.

The trial court gave a judgment for plaintiff for the unpaid rent and disallowed the counter-claim in its entirety, because the court held that it was in the nature of a penalty.

The record discloses that the contract was substantially performed by the plaintiff on July 31, 1943, when the plaintiff completely performed its obligation to clear, fill and level and to hard-surface a strip of land approximately 6 x 40 feet adjacent to the parking lot covered by the lease between the parties. The cementing of the sidewalk entrance to the driveway was not completed until September 4, 1943. The delay in the repair to the sidewalk entrance was of slight importance and the defendant was not damaged to any extent by the delay. On the principle of the legal maxim "de minimus non curat lex" a free translation of which is that the law does not bother about trifles, the defendant is not entitled to any damages from the plaintiff for the non-performance of the contract after July 31, 1943, when the contract was substantially performed.

The contract of April 15, 1943, by and between the parties, provided in paragraph 7 that in the event of any delays caused the plaintiff, beyond its control, in completing the contract,

"the completion date as outlined above shall be extended for a sufficient time to cover the delay, provided the lessor notifies the lessee in writing of such delay, and its duration, or probable duration, within 72 hours of its beginning in order that lessee and lessor may mutually agree upon the length of the delay occasioned by such occurrence * * * * *."

The record discloses that at no time did the plaintiff notify the defendant that there would be any delay in the performance of this contract. Said paragraph 7 of the contract is a reasonable provision, and if the plaintiff had intended to contest defendant's claim for damages under the contract for delay in performance, it should have proceeded under said paragraph 7 of the contract and given the notice provided therein to the defendant.

In **Jones v Stevens, 112 Oh St 43, it** was held, second paragraph of the syllabus:

"Where the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed, should be treated as liquidated damages and not as a penalty, if the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreason-

able, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof."

In this case the damages which would be sustained by the defendant by delay in the substantial performance of the contract of April 15, 1943, by the plaintiff, especially as to the completion of the said driveway, was uncertain as to amount and difficult to prove. The provision of $5.00 a day liquidated damages to the date of the substantial completion of the contract was not so manifestly unconscionable, unreasonable and disproportionate in amount as to justify the conclusion that it did not express the true intention of the parties.

These facts, and the further fact that the plaintiff did not take advantage of paragraph 7 of the contract to secure a delay in the time set for the performance of the contract, have brought us to the conclusion that the defendant should be allowed liquidated damages at the rate of $5.00 per day from June 1, 1943 to July 31, 1943, inclusive, which should be deducted from the amount of rent which otherwise would be owing by the defendant to the plaintiff.

The judgment entered in the trial court shall be so modified, and as modified, affirmed.

SKEEL, P. J., LIEGHLEY, J. concur.